# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TEDDY BEASLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0004-WS-M |
| | ) |
| PROVIDENCE HOSPITAL, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on motions to dismiss filed by defendants Ascension Health ("Health") and Ascension Health Alliance ("Alliance"). (Docs. 15, 21).[1] The plaintiff has filed a response, (Doc. 25),[2] and the movants a consolidated reply, (Doc. 27), and the motions are ripe for resolution. After careful consideration, the Court concludes the motions are due to be granted in part and denied in part.

## BACKGROUND

According to the amended complaint, (Doc. 11), the plaintiff is a deaf individual who accompanied his wife to Providence Hospital ("Providence") in Mobile, Alabama for the birth of their two children in January 2016 and August 2017. Prior to arriving at Providence in January 2016, the plaintiff called the hospital through a videophone relay system to request that a qualified sign language interpreter be provided. During both the January 2016 and August 2017 stays, the plaintiff and/or his wife made repeated requests

---

[1] Because the movants' principal briefs are substantively identical, the Court cites only to the earlier version, filed by Alliance.

[2] While the style and body of the plaintiff's brief expressly address only Alliance, his counsel's docket entry describes the filing as responding to both motions to dismiss. As the movants do not challenge this characterization but instead accept it, (Doc. 27 at 5), the Court treats the plaintiff's brief as extending to both movants.

to various medical and support staff for a qualified sign language interpreter. However, no qualified sign language interpreter was ever provided on either occasion. Nor was the plaintiff provided with adequate auxiliary aids and services to enable him to effectively communicate with staff. As a result, the plaintiff was unable to fully understand his wife's and his children's medical care, and he experienced humiliation, fear, anxiety and emotional distress.

The amended complaint identifies four defendants: (1) Providence; (2) Providence Health System; (3) Health; and (4) Alliance. The plaintiff brings claims against all four defendants under Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Section 1557 of the Patient Protection and Affordable Care Act. Health and Alliance deny the existence of personal jurisdiction over them in this forum.

## DISCUSSION

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (internal quotes omitted). "When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction," unless "the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id*. (internal quotes omitted). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier v. Sun International Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002); *accord Diamond Crystal Brands, Inc. v. Food Movers International, Inc*., 593 F.3d 1249, 1257 (11th Cir. 2010).

An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary, not mandatory. *E.g., Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2008). Because the parties have not requested an evidentiary hearing, the Court exercises

its discretion not to conduct one. Absent such a hearing, the plaintiff's burden is to present enough evidence, construed most favorably to him, to withstand a motion for directed verdict. *Id*.

The parties agree that, at all relevant times, Alliance was the sole member of Health, which was the sole member of non-party Gulf Coast Health System, which was the sole member of Providence. (Doc. 15 at 3; Doc. 15-1 at 3; Doc. 25 at 3). The parties also agree that Providence is thus an indirect subsidiary of Health and Alliance. (Doc. 25 at 3; Doc. 27 at 6). The parties further agree that, at all relevant times, both movants were entities organized under the laws of Missouri and that Alliance's principal place of business was in Missouri. (Doc. 15 at 3; Doc. 15-1 at 2-3; Doc. 25 at 2). Finally, the parties agree that Alliance was at all relevant times registered to do business in Alabama and maintained a registered agent for service of process in this state, while Health at all relevant times was not registered to do business in Alabama. (Doc. 25 at 2-3; Doc. 25-2; Doc. 27 at 2; Doc. 27-1 at 4). In addition, the plaintiff does not dispute the movants' evidence that they have never provided or managed any care or treatment for any person in Alabama or managed, hired or supervised any person doing so at Providence. (Doc. 15-1 at 3).

To the uncertain extent that personal jurisdiction in a case in which subject matter jurisdiction is based on 28 U.S.C. § 1331 depends first on state law, Alabama "extends the personal jurisdiction of Alabama courts to the limits of due process under the federal and state constitutions." *Ex parte Fidelity Bank*, 893 So. 2d 1116, 1121 (Ala. 2004); *accord* Ala. R. Civ. P. 4.2(b). Due process under the Alabama Constitution is in this respect co-extensive with that under the federal Constitution. *Ex parte Georgia Farm Bureau Mutual Automobile Insurance Co.*, 889 So. 2d 545, 550 (Ala. 2004).

A forum state's personal jurisdiction over a defendant may be either general or specific. "General personal jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1241 (S.D. Ala. 2006) (internal quotes omitted). "Specific jurisdiction refers to

jurisdiction over causes of action arising from or related to a defendant's actions within the forum." *PVC Windoors, Inc. v. Babbitbay Beach Construction, N.V.*, 598 F.3d 802, 808 (11th Cir. 2010) (internal quotes omitted).

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (internal quotes omitted). "A court may assert general jurisdiction over foreign [entities] when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotes omitted). The "at home" limitation means the defendant's contacts with the forum must be such that it is "comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n.11 (2014).

The plaintiff argues that Alliance is subject to general jurisdiction in Alabama because it is licensed to do business in Alabama and has a registered agent for service of process in Alabama. (Doc. 25 at 6-7). The plaintiff cites no authority even remotely supporting the proposition that such modest activity could support the exercise of general jurisdiction, and plainly it does not. "[A] corporation's operations in a forum other than its formal place of incorporation or principal place of business will be so substantial and of such a nature as to render the corporation at home in that State only in exceptional cases." *Carmouche v. Tamborlee Management, Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (internal quotes omitted). It would be difficult to imagine a less exceptional circumstance than the unremarkable commonplace of an entity registering to do business in a foreign state or appointing an agent for service of process there. In *Carmouche*, the defendant's contacts with Florida were significantly more substantial than Alliance's contacts with Alabama, yet the Eleventh Circuit held them to be incapable of supporting general jurisdiction.[3] *See also Consolidated Development Corp. v. Sherritt, Inc.*, 216

---
[3] In *Carmouche*, the defendant: (1) had a Florida bank account; (2) had two Florida addresses; (3) purchased insurance from Florida companies; (4) filed a financing statement with the Florida secretary of state; (5) joined a trade organization based in Florida; and (6) consented

4

F.3d 1286, 1293 (11th Cir. 2000) ("The casual presence of a corporate agent in the forum [specifically, an agent for service of process] is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities.") (citing cases).

As to specific jurisdiction, "a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop*, 564 U.S. at 923. That is, "[a] defendant is constitutionally amenable to a forum's specific jurisdiction if it possesses sufficient minimum contacts with the forum to satisfy due process requirements, and if the forum's exercise of jurisdiction comports with traditional notions of fair play and substantial justice." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1545 (11th Cir. 1993) (internal quotes omitted).

"To constitute constitutionally minimum contacts, the defendant's contacts with the applicable forum must satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it." *Vermeulen*, 985 F.2d at 1546. "Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum ..., thus invoking the benefits and protections of its laws." *Id*. (internal quotes omitted). "Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there." *Id*. (internal quotes omitted).

The plaintiff, (Doc. 25 at 8), argues that this test is satisfied under the principles of *Calder v. Jones*, 465 U.S. 783 (1984). The Supreme Court in *Calder* ruled that constitutionally sufficient minimum contacts with the forum existed when the defendants committed "intentional, and allegedly tortious, actions" that "were expressly aimed at" the forum state with knowledge both that these actions "would have a potentially devastating impact upon" the plaintiff and that "the brunt of that injury would be felt by"

---

to the jurisdiction of a Florida federal court for all lawsuits arising out of its agreements with a cruise line. 789 F.3d at 1204.

the plaintiff in the forum. *Id*. at 789. The Eleventh Circuit has summarized "the *Calder* effects test for personal jurisdiction" as "the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008).

The plaintiff concedes he did not contact Health or Alliance to obtain assistance but only agents and employees of Providence, at Providence. (Doc. 11 at 6-7). He pegs the movants' involvement to a non-discrimination notice found on the "ascension.org" website (stating that Ascension provides qualified sign language interpreters) and the employment of a vice-president for corporate responsibility tasked with receiving requests for such assistance and complaints regarding any failure to honor such requests (as explained in the notice). By these means, the plaintiff says, the movants "assumed the responsible [sic] for ensuring" that qualified sign language interpreters would be provided at Providence (which the website identifies as one of many "sites of care"). (Doc. 25 at 3, 7).

The amended complaint contains allegations of discrimination based on disability in the failure to provide a qualified sign language interpreter. The plaintiff argues that discrimination has been considered similar to a "tortious act" in other contexts, but he cites no authority supporting the proposition that discrimination can be a tortious act for purposes of the *Calder* test. (Doc. 25 at 8 & n.1). Assuming for sake of argument that a discriminatory act can be a tortious act under *Calder*, the plaintiff does not assert that the movants committed any discriminatory *act* but only that they made a discriminatory *omission* – specifically, the "failure to provide qualified sign language interpreters at Providence Hospital." (*Id*. at 8). Because the plaintiff concedes that *Calder* requires an "intentional act," (*id*.), yet offers only an omission, he cannot satisfy its test for minimum contacts.

Nor has the plaintiff shown that the movants' alleged passive failure to ensure the provision of qualified sign language interpreters at Providence was an omission "specifically aimed at [him as] a specific individual." *Licciardello*, 544 F.3d at 1288.

Since he made no request to the movants for assistance, he could hardly make such a showing.[4]

The plaintiff proposes that he be afforded an opportunity to conduct discovery in an effort to uncover a basis for asserting personal jurisdiction over the movants. (Doc. 25 at 9-10). Under his own authorities, the plaintiff must first make a "sufficient start" towards establishing personal jurisdiction before receiving permission to conduct discovery to bridge the remaining gap. (*Id*. at 1-2). As discussed above, the plaintiff has made no start at all towards establishing personal jurisdiction over the movants, and no start is necessarily not a sufficient start.

Nor has the plaintiff identified any basis for believing the discovery he seeks will result in his ability to establish the movants' constitutionally minimum contacts with Alabama. The plaintiff seeks discovery regarding the non-discrimination notice, the role of the vice-president for corporate responsibility, and the "mechanism for obtaining" qualified sign language interpreters within the Ascension network of hospitals. (Doc. 25 at 9-10). The plaintiff does not explain what legally significant contacts with Alabama this quest could reveal, and the only possibility occurring to the Court is the exceedingly improbable one that the movants secretly instructed Providence to refuse requests for qualified sign language interpreters (including the plaintiff's) or to forward those requests to the movants for resolution. Given the non-discrimination notice's affirmation that such interpreters will be provided, and given Providence's own non-discrimination notice confirming that it provides qualified sign language interpreters, directing those needing

---

[4] Under the right circumstances, a foreign defendant's use of a website can support the exercise of specific jurisdiction. Thus, in *Licciardello* personal jurisdiction was properly based on the defendant's intentional use of the plaintiff's trademarked name and image on a website so as to falsely suggest the plaintiff's endorsement, which constituted an intentional tort individually targeting the plaintiff, with awareness he would thereby suffer injury in the forum. 544 F.3d at 1287-88. The plaintiff does not rely on the ascension.org website as itself constituting a relevant contact under *Calder* but, even had he done so, the effort presumably would fail for multiple reasons, including at least the following: (1) the plaintiff does not assert that anything on the website was itself tortious; (2) because the plaintiff was oblivious to the website, any otherwise tortious communication therein likely is not "related to" his claims in a constitutionally meaningful sense; and (3) the website did not target the plaintiff as an individual.

such services to contact Providence's nursing supervisor, and advising them they can file grievances for failure to provide such services with Providence's patient relations manager, (Doc. 27-2 at 8), it is difficult to see more than a theoretical possibility the requested discovery could yield evidence supporting personal jurisdiction over the movants.

"The right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute. … Such discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 792 (11th Cir. 2017) (internal quotes omitted).[5] The plaintiff has not met this threshold.

The movants seek dismissal of the plaintiff's claims against them with prejudice. (Doc. 15 at 10; Doc. 21 at 9). This is impermissible; a dismissal for lack of personal jurisdiction must be without prejudice, which "does not preclude further litigation of [the plaintiff's] claims on the merits," although "it does preclude that litigation from occurring in" the forum where dismissal occurred. *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999).

For the reasons set forth above, the motions to dismiss filed by Health and Alliance are **granted** to the extent they seek dismissal without prejudice and are otherwise **denied**. All claims against Health and Alliance are **dismissed without prejudice** to the plaintiff's ability to bring such claims in a proper forum.

DONE and ORDERED this 13th day of June, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] Sister courts within this Circuit have frequently followed this track. E.g., *Atlantis Hydroponics, Inc. v. International Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013); *Avendano-Bautista v. Kimbell Gin Machinery Co.*, 2017 WL 1170864 at *3 n.11 (S.D. Ga. 2017); *Encore Select, Inc. v. Great Atlantic & Pacific Tea Co.*, 2014 WL 2548176 at *1 (M.D. Fla. 2014); *Stevens v. Reliance Financial Corp.*, 2014 WL 631612 at *9 (M.D. Ala. 2014); *Millennium Industries Network, Inc. v. Hitti*, 2014 WL 324656 at *3 (S.D. Fla. 2014).